736 So.2d 718 (1999)
R.A.C., Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-04901.
District Court of Appeal of Florida, Second District.
June 11, 1999.
Rehearing Denied July 20, 1999.
James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
R.A.C. appeals his adjudications of delinquency in case nos. 97-3985, 97-3986, and 97-3988. He contends that his double jeopardy rights were violated by the adjudications, but we have a found a jurisdictional problem with them.
At the beginning of R.A.C.'s adjudicatory hearing in these cases on September 16, 1997, after the witnesses were sworn, the State noted that R.A.C. had filed a motion to suppress. The State asserted that it was ready to proceed on the motion and asked that it be handled immediately prior to the adjudicatory hearing. The court agreed to do so. After hearing testimony, the court orally granted the motion to suppress. Defense counsel then moved to dismiss the petitions if the State could not proceed in light of the granting of the *719 motion to suppress. The State said it was not ready to proceed, and the trial court granted the motion to dismiss. An order was never entered memorializing the trial court's oral rulings. Nevertheless, on September 22, 1997, an order was entered denying the motion to suppress and setting aside the oral order of dismissal. However, on September 25, 1997, the trial court entered an order dismissing the petitions in all three cases. Despite this dismissal, an adjudicatory hearing was held on October 28, 1997. The trial court ultimately found R.A.C. delinquent in case nos. 97-3985 and 97-3988 and not guilty in case no. 97-3986.
These facts reveal that although there was not a double jeopardy prohibition against the ultimate adjudication of R.A.C. on the three petitions, there was a jurisdictional bar. Jeopardy does not attach in a nonjury trial until the court begins to hear evidence upon which it can base a determination of guilt or innocence of the charged offense. See Serfass v. United States, 420 U.S. 377, 391, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Here, although the September 16 hearing was apparently scheduled to be a full-blown adjudicatory hearing, the State requested that the trial court first hear the motion to suppress, which motion was granted. Thus, evidence regarding R.A.C.'s guilt or innocence was not heard at that time. However, by the time such evidence was heard, the trial court did not have jurisdiction over these cases because it had entered an order dismissing the three petitions, and there is no evidence in the record that the petitions were refiled.
Accordingly, we reverse the orders of adjudication in case nos. 97-3985, 97-3986, and 97-3988 and remand with directions that R.A.C. be discharged in those cases.
BLUE, A.C.J., and STRINGER, JJ., Concur.